**FILED**
**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANDRE BELL,** ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| **CALUMET CITY;** ) | |
| **Calumet City Police Officers** ) | |
| **THOMAS STIPANICH, Star 149; and** ) | Jury Demand |
| **Unknown Calumet City Police Officers** ) | |
| **John Does and Jane Roes 1-10;** ) | |
| ) | |
| Defendants. ) | |

**07 C 6480**

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a United States citizen, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Calumet police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. CALUMENT CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about January 5, 2006, Plaintiff ANDRE BELL, along with three other

individuals, were seized and taken to the Calumet City Police Department pursuant to a narcotics investigation.

9. At approximately 4:22 p.m., Plaintiff was released from custody without being charged.

10. As Plaintiff left the police station, Plaintiff stopped to give food to another person being held in relation to the mass narcotics arrest.

11. When Plaintiff stopped, Defendant STIPANICH pushed Plaintiff and said, "Get the fuck out of here."

12. Plaintiff continued walking out of the police station.

13. Defendant STIPANICH kept pushing Plaintiff, and again told him, "Get the fuck out of here."

14. Plaintiff asked Defendant STIPANICH why he was pushing him.

15. Defendant STIPANICH replied, "Motherfucker, you are out of here. That is all you need to know."

16. Defendant STIPANICH continued to yell at Plaintiff as Plaintiff walked toward the door in the lobby of the police station.

17. When Plaintiff was almost out of the lobby, Defendant STIPANICH called Plaintiff a bitch and grabbed him by his neck.

18. Defendant STIPANICH punched and kicked Plaintiff.

19. About ten additional Defendant-Officers joined and helped Defendant STIPANICH beat on Plaintiff.

20. Defendant-Officers also broke items in Plaintiff's property bag, including a cell phone and earrings.

21. After the beating, Plaintiff was handcuffed and arrested.

22. Defendant-officers arrested Plaintiff without probable cause.

23. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.

24. The entire incident was recorded by a video surveillance camera.

25. Plaintiff was charged with assault.

26. On August 31, 2006, the case against Plaintiff was dismissed.

27. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

28. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses, attorneys' fees, and property damage.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

29. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30. After Defendant STIPANICH grabbed Plaintiff by the neck, Plaintiff was not free to leave.

31. Defendant STIPANICH was not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

32. Defendant STIPANICH did not have a lawful basis to stop or seize Plaintiff.

33. The actions of Defendant STIPANICH in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

34. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

35. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

36. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

37. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

38. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

40. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

41. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CALUMET CITY is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CALUMET

CITY to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595