UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE BELL, | ) |
|           PLAINTIFF, | ) |
| v. | ) |
| | ) NO. 07 C 6480 |
| CALUMET CITY, CALUMET CITY POLICE | ) |
| OFFICER THOMAS STIPANICH STAR 149, | ) JUDGE DER-YEGHIAYAN |
| UNKNOWN CALUMET CITY POLICE | ) MAGISTRATE JUDGE VALDEZ |
| OFFICERS JOHN DOES AND JANE ROES 1-10, | ) |
| | ) JURY DEMAND |
|           DEFENDANTS. | ) |

## ANSWER TO COMPLAINT

1.  This is an action for money damages brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **Defendants deny that the Plaintiff has any meritorious claims against them pursuant 42 U.S.C. § 1983, the Fourth Amendment and the Fourteenth Amendment.  Defendants further deny that the Plaintiff suffered any depravation of his Civil Rights as a result of the Defendant's conduct.**

2.  Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§1331 and 1343(a). Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

**ANSWER:** **Defendants do not contest this Court's jurisdiction.**

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **Defendants do not contest venue in this matter.**

## PARTIES

4.  Plaintiff is a United States citizen and a resident of Chicago, Illinois.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 4, and on that basis denies same.**

5.     Defendant police officers are duly appointed and sworn Calumet police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **Defendants admit the allegations contained in paragraph 5.**

6.     The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **Defendants admit that they are sued as identified in the above case-caption.**

7.     Calumet City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 7.**

## FACTS

8.     On or about January 5, 2006, Plaintiff Andre Bell, along with three other individuals, were seized and taken to the Calumet City Police Department pursuant to a narcotics investigation.

**ANSWER:** **Defendants deny that on January 5, 2006, Plaintiff Andre Bell, along with three other individuals, were seized and taken to the Calumet City Police Department pursuant to a narcotics investigation.  The Plaintiff was seized and taken to the Calumet City Police Department pursuant to a narcotics investigation on January 4, 2006.**

9.     At approximately 4:22 p.m., Plaintiff was released from custody without being charged.

**ANSWER:** **The Defendants deny the allegations in Paragraph 9 because the allegations fails to state a date on which Plaintiff was being released from custody.**

10. As Plaintiff left the police station, Plaintiff stopped to give food to another person being held in relation to the mass narcotics arrest.

**ANSWER:** **Defendants admit that while the Plaintiff was in the process of being released, he asked permission to give his Calumet City issued food to another person being held in relation to the mass narcotics arrest and said permission was granted. Defendants deny the remaining allegations in Paragraph 10.**

11. When Plaintiff stopped, Defendant STIPANICH pushed Plaintiff and said, "Get the fuck out of here."

**ANSWER:** **Defendants deny the allegations contained in Paragraph 11.**

12. Plaintiff continued walking out of the police station.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 12.**

13. Defendant STIPANICH kept pushing Plaintiff and again told him, "Get the fuck out of here."

**ANSWER:** **Defendants deny the allegations contained in Paragraph 13.**

14. Plaintiff asked Defendant STIPANICH why he was pushing him.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 14.**

15. Defendant STIPANICH replied, "Motherfucker, you are out of here. That is all you need to know."

**ANSWER:** **Defendants deny the allegations contained in Paragraph 15.**

16. Defendant STIPANICH continued to yell at Plaintiff as Plaintiff walked toward the door in the lobby of the police station.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 16.**

17. When Plaintiff was almost out of the lobby, Defendant STIPANICH called Plaintiff a bitch and grabbed him by his neck.

**ANSWER:    Defendants deny the allegations contained in Paragraph 17.**

18. Defendant STIPANICH punched and kicked Plaintiff.

**ANSWER:    Defendants deny the allegations contained in Paragraph 18.**

19. About ten additional Defendant-Officers joined and helped Defendant STIPANICH beat on Plaintiff.

**ANSWER:    Defendants deny the allegations contained in Paragraph 19.**

20. Defendant-Officers also broke items in Plaintiff's property bag, including a cell phone and earrings.

**ANSWER:    Defendants deny the allegations contained in Paragraph 20.**

21. After the beating, Plaintiff was handcuffed and arrested.

**ANSWER:    Defendants admit that, on January 5, 2006, the Plaintiff was handcuffed and arrested for assault against Defendant Stipanich but deny the remaining allegations in Paragraph 21.**

22. Defendant Officers arrested Plaintiff without probable cause.

**ANSWER:    Defendants admit that, on January 5, 2006, the Plaintiff was arrested for assault against Defendant Stipanich but deny the remaining allegations in Paragraph 22.**

23. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.

**ANSWER:    Defendants deny the allegations contained in Paragraph 23.**

24. The entire incident was recorded by a video surveillance camera.

**ANSWER:    Defendants admit that the portion of the incident that occurred in the police station front lobby was recorded by a video surveillance camera.**

25. Plaintiff was charged with assault.

**ANSWER:    Defendants admit that the Plaintiff was charged with assault against Officer Stipanich.**

26. On August 31, 2006, the case against Plaintiff was dismissed.

**ANSWER:    Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations contained in Paragraph 26, and on that basis denies same.**

27. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:    Defendants deny the allegations contained in Paragraph 27.**

28. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages, including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages, including medical expenses, attorneys' fees, and property damage.

**ANSWER:    Defendants deny the allegations contained in Paragraph 28.**

## COUNT I
### (42 U.S.C. §1983—Unreasonable Seizure)

29. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

**ANSWER:    Defendants restate their answers to Paragraphs 1 through 28 as their answer to this Paragraph 29 as fully set forth herein.**

30. After Defendant STIPANICH grabbed Plaintiff by the neck, Plaintiff was not free to leave.

**ANSWER:    Defendants deny the allegations contained in Paragraph 30**.

31. Defendant STIPANICH was not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:    Defendants deny the allegations contained in Paragraph 31**.

32. Defendant STIPANICH did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:    Defendants deny the allegations contained in Paragraph 32.**

33. The actions of Defendant STIPANICH in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:    Defendants deny the allegations contained in Paragraph 33.**

**WHEREFORE**, Defendants deny that the Plaintiff is entitled to judgment against them in any amount whatsoever, and prays that judgment be entered against the Plaintiff and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

### COUNT II
### (42 U.S.C. §1983 - Excessive Force)

34. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

**ANSWER:    Defendants restate their answers to Paragraphs 1 through 28 as their answer to this Paragraph 34 as fully set forth herein.**

35. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:　Defendants deny the allegations contained in Paragraph 35.**

**WHEREFORE**, Defendants deny that the Plaintiff is entitled to judgment against them in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

### COUNT III
### (42 U.S.C. § 1983 - Failure to Intervene)

36. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

**ANSWER:　Defendants restate their answers to Paragraphs 1 through 28 as their answer to this Paragraph 36 as fully set forth herein.**

37. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:　Defendants deny the allegations contained in Paragraph 37.**

38. Defendant-Officers were deliberately indifferent to Plaintiffs right to be free from excessive and unreasonable force.

**ANSWER:　Defendants deny the allegations contained in Paragraph 38.**

**WHEREFORE**, Defendants deny that the Plaintiff is entitled to judgment against them in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

    39.    Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

**ANSWER:** **Defendants restate their answers to all of the above paragraphs and counts as if fully set forth herein as their answer to this Paragraph 39 as fully set forth herein.**

    40.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** **Defendants deny the individual Defendant-Officers' actions were wilful and wanton, as claimed in Paragraph 40.**

    41.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Calumet City is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** **Defendants answer that the Illinois Tort Immunity Act, 745 ILCS 10/9-102 speaks for itself.**

**WHEREFORE**, Defendants deny that the Plaintiff is entitled to judgment against them in any amount whatsoever, and prays that Judgment be entered against the Plaintiff and in favor of Defendants and that the Defendants be awarded their costs and fees and any such other relief as may be appropriate.

## **AFFIRMATIVE DEFENSES**

For his affirmative defenses to Plaintiff's complaint, Defendant Bell states as follows:

**First Affirmative Defense**

Pursuant to Section 2-202 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendants are not liable for any actions relating to the execution or enforcement of any law.

**Second Affirmative Defense**

Pursuant to Section 2-204 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendants are not liable and are further immunized for acting within the scope of their employment and Defendants are not liable and are immunized from the acts and omissions of others.

**Third Affirmative Defense**

The conduct of Defendants did not violate clearly established law. Defendants, accordingly, are entitled to qualified immunity from liability .

**WHEREFORE**, the Defendants deny that the Plaintiff is entitled to any relief whatsoever and pray that judgment be entered in its favor and against Plaintiff and that the Defendants be awarded their fees and costs of the suit and such other relief as may be appropriate.

Respectfully submitted,

**CALUMET CITY, CALUMET CITY POLICE OFFICER THOMAS STIPANICH STAR 149, UNKNOWN CALUMET CITY POLICE OFFICERS JOHN DOES AND JANE ROES 1-10**

By:   *s:/ Michael J. McGrath*

ODELSON & STERK, LTD.
3318 W. 95th Street
Evergreen Park, IL 60805
708-424-5678